IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 15- 　 -CA- 0 0 8 5 4 6        -XXXX-M

DIVISION:

DIVISION CV-D

CHICAGO TITLE INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

vs.

3:06-cv-1082-J-12MCR

COMMONWEALTH FOREST
INVESTMENTS, INC., a foreign
corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHICAGO TITLE INSURANCE COMPANY ("Plaintiff" or "Chicago Title"), by and through its undersigned attorneys, files this complaint against COMMONWEALTH FOREST INVESTMENTS, INC. ("Defendant" or "Commonwealth"), and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for declaratory judgment pursuant Chapter 86, Florida Statutes (2005), for the purpose of determining a question of actual controversy between Chicago Title and Commonwealth regarding coverage under a title insurance policy issued by Chicago Title to Commonwealth (the "Policy"), and an action to reform the Policy.

Exhibit A

## BACKGOUND AND JURISDICTIONAL ALLEGATIONS

2. Plaintiff Chicago Title is a Missouri insurance company authorized to transact business in the state of Florida and transacting business in Duval County, Florida.

3. Defendant Commonwealth is a Delaware corporation authorized to transact business and transacting business in the State of Florida.

4. Venue is proper in Duval County, Florida, because the Policy was issued in Duval County, Florida and because the closing on the property insured by the Policy occurred in Duval County, Florida.

5. The Court has jurisdiction over this matter as the complaint seeks declaratory relief under §86.011, Fla. Stat. (2005) with regard to coverage for an alleged claim in excess of $15,000, exclusive of costs and attorneys' fees and because the complaint seeks to reform a title insurance policy evidencing an alleged obligation that exceeds $15,000, exclusive of costs and attorneys' fees.

## THE PROPERTY

6. On or about September 16, 1996, Commonwealth acquired property used as timberland and located in Flagler County, Florida ("the Property"), which is more particularly described in the owners title insurance policy issued by Chicago Title to Commonwealth bearing policy No. 10 0732 106 00000077 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "1."

7. When it was acquired on September 16, 1996, the Property contained openly visible power lines and related improvements that extended over a swath of land approximately 410 feet in width.

8. The installation and operation of the power lines on the Property derived from and were permitted under a Right of Way Agreement acquired by Florida Power & Light Company ("FPL") that is approximately 160 feet in width (the "FPL Right of Way") and another easement contiguous to the FPL Right of Way that was acquired by FPL in 1973 and is approximately 250 feet in width (the "1973 FPL Easement").

9. The FPL Right of Way was acquired by agreement recorded on January 24, 1957 in Deed Book 52, page 150, Public Records of Flagler County, Florida

10. The 1973 FPL Easement was acquired by eminent domain pursuant to an Order of Taking entered by the circuit court in and for Flagler County on May 10, 1973, and supplemented by various orders entered on May 10, 1973, September 27, 1973, and June 14, 1974. Neither the Order of Taking nor the other aforesaid orders were recorded in the public records of Flagler County.

### POLICY NO. 10 0732 106 00000077 AND CLAIM NO. 215208

11. On or about September 16, 1996, Chicago Title issued the Policy. In addition to the Property, the Policy insured certain other parcels of land acquired by Commonwealth in Flagler and St. Johns Counties.

12. The Policy sets forth certain "Exclusions from Coverage" including the following:

> 2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

13. The Policy defines "public records" as:

> (f) "Public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of

matters relating to real property to purchasers for value and without knowledge.

14. The "Public Records" of Flagler County for this purpose are the "Official Records" books required to be maintained under Section 28.222, Florida Statutes (2005).

15. Exclusion 3 to the Policy excludes the following:

> 3. Defects, liens, encumbrances, adverse claims or other matters:
>
> (a) created, suffered, assumed or agreed to by the insured claimant;

16. Schedule B to the Policy sets forth General Exceptions to coverage under the Policy including the following General Exception:

> 2.3 Any matters not of record as would be disclosed by an accurate survey, including easements, claims of easements, boundary line disputes, overlaps, encroachments, public records, highways, cemeteries and railroads.

17. Schedule B to the Policy includes a number of Special Exceptions including the FPL Right of Way, which is set forth as Special Exception 9 and is described as "Right of Way Agreement with FLORIDA POWER & LIGHT COMPANY, filed January 24, 1957 in Deed Book 52, page 150, Public Records of Flagler County, Florida."

18. Schedule B also includes an additional easement acquired by FPL in 1983 (the "1983 FPL Easement") which was located on other parcels acquired by Commonwealth in 1996 and which easement is not in controversy herein. The 1983 FPL Easement was recorded on December 16, 1983 in Official Records Book 225, page 18, Public Records of Flagler County, Florida. Because the Policy covered a number of parcels acquired by Commonwealth in Flagler County and St. Johns County, Florida, including the Property, the 1983 FPL Easement was included as Special Exception 10 to the Policy and is described as "Easement to FLORIDA

POWER & LIGHT COMPANY, filed December 16, 1983 in Official Records Book 225, page 18, Public Records of Flagler County, Florida."

19. The Policy also includes a Schedule 3 which is a map of certain Flagler County properties, including the Property. Schedule 3 discloses the 1973 FPL Easement, described on Schedule 3 as "FPL Power Line 250' R/W Out" and the FPL Right of Way, described in Schedule 3 as "FPL Power Line 160' R/W Out." The 1983 FPL Easement does not appear on Schedule 3 because it is located on other parcels not shown on Schedule 3.

20. The depiction of the 1973 FPL Easement as "FPL Power Line 250' R/W Out," confirms Commonwealth's knowledge of the 1973 FPL Easement's exception from the coverage of the Policy.

21. Paragraph 3 of the Policy's "Conditions and Stipulations" sets forth a provision governing "Notice of Claim to be Given By Insured Claimant." Paragraph 3 of the Conditions and Stipulations states that the "insured shall notify the Company promptly in writing . . .(ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as insured, and which might cause loss or damages for which the Company may be liable by virtue of this policy, . . . ."

22. On April 10, 2006, Commonwealth submitted Claim No. 215208 (the "Claim") to Chicago Title asserting that the Policy did not disclose or include the 1973 FPL Easement as a Schedule B exception to the policy. A true and correct copy of the Claim is attached hereto as Exhibit "2."

23. By its Claim, Commonwealth seeks to recover, under the Policy, losses and damages allegedly resulting from the presence of the 1973 FPL Easement on the Property and any improvements therein.

### COUNT I-REQUEST FOR DECLARATORY JUDGMENT
### (POLICY EXCLUSIONS AND EXCEPTIONS)

24. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes, with regard to coverage for a claim in excess of $15,0000.

25. Plaintiff Chicago Title realleges paragraphs 2 through 23 above as though fully set forth herein.

26. Chicago Title denies that there is coverage under the Policy with regard to any alleged losses or damages, including any diminution in value to the Property, as a result of the 1973 FPL Easement. Chicago Title's denial is based on several independent grounds based upon the Policy's exclusions and exceptions, including the following:

> (1) The May 10, 1973 Order of Taking and supplemental orders were not recorded in the public records of Flagler County, and thus, FPL's interest or right of eminent domain acquired in the 1973 FPL Easement is excluded under the Policy pursuant to Exclusion No. 2;
>
> (2) At the time of the issuance of the Policy, Commonwealth, through its employees, agents and attorneys, had actual knowledge of the existence of both the FPL Right of Way and the 1973 FPL Easement and the power lines located therein, and the 1973 FPL Easement was therefore excluded from the Policy pursuant to Exclusion No. 3(a);
>
> (3) The reference to the 1973 FPL Easement in Schedule 3 as described in paragraph 19 herein indicates that the 1973 FPL Easement was and is excepted from the coverage of the Policy;
>
> (4) Although Commonwealth was aware of the power lines within the 1973 FPL Easement at the time that it acquired the Property and at the time that the Policy was issued, it waited nearly

ten years to submit the Claim, which delay has resulted in substantial prejudice to Chicago Title;

(5) The 1973 FPL Easement is excepted from the coverage of the Policy under the General Exceptions of Schedule B because it was not recorded in the public records and would have been disclosed by an accurate survey.

27. Although Chicago Title maintains that there is no coverage under the Policy for the above-stated reasons, Commonwealth has taken the adverse position that such coverage does exist.

28. Chicago Title is in doubt as to whether Commonwealth's alleged losses arising from the 1973 FPL Easement are covered or are excluded and/or excepted under the terms of the Policy.

29. The parties disagree as to their respective rights and obligations in regard to the matters set forth above. Accordingly, Chicago Title respectfully requests that this Court enter a judgment declaring that Chicago Title has no obligation under the Policy to cover losses and damages claimed by Defendant resulting from the 1973 FPL Easement.

30. All conditions precedent to bringing this action have occurred, have been performed, or have been waived.

WHEREFORE, Plaintiff Chicago Title Insurance Company respectfully requests that this Court enter an Order declaring that Chicago Title has no legal obligation under the Policy to cover losses and damages claimed by Defendant Commonwealth resulting from the 1973 FPL Easement.

## COUNT II--REQUEST FOR DECLARATORY JUDGMENT
## (EXPIRATION OF TIME FOR FILING OF CLAIM)

31. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes, with regard to coverage for a claim in excess of $15,0000.

32. Plaintiff realleges paragraphs 2 through 23 above as though fully set forth herein.

33. The Policy that was issued by Chicago Title bears an effective date of September 16, 1996.

34. At the time that the Property was acquired by Commonwealth and at the time that the Policy was issued by Chicago Title, Commonwealth knew of the existence of the power lines on the Property resulting from and located within the 1973 FPL Easement.

35. Pursuant to the Policy, Chicago Title agreed to insure Commonwealth against loss or damage, not exceeding the amount of insurance stated in Schedule A of the Policy, sustained or incurred by Commonwealth by reason of "[a]ny defect in or lien or encumbrance on the title."

36. To the extent that the 1973 FPL Easement is alleged to be a defect in, lien or encumbrance on the title, any breach of the Policy arising from the 1973 FPL Easement occurred at the effective date of the Policy as the 1973 FPL Easement was already in existence on that date and known to Commonwealth.

37. Despite the fact that Commonwealth was aware of the power lines at the time of its acquisition of the Property in 1996, and the effective date of the Policy, Commonwealth waited nearly ten (10) years to submit the Claim to Chicago Title for alleged losses resulting from the 1973 FPL Easement.

38. Pursuant to Section 95.11(2)(b), Florida Statutes, Commonwealth's claim is barred by the five (5) year statute of limitations applicable to actions founded on a written instrument.

39. Additionally, Commonwealth's claim is barred pursuant to the Policy's Conditions and Stipulations because Commonwealth's nearly ten year delay in filing the Claim has resulted in substantial prejudice to Chicago Title.

40. The parties disagree as to their respective rights and obligations in regard to the matters set forth above. Accordingly, Chicago Title respectfully requests that this Court enter a judgment declaring that Chicago Title has no obligation under the Policy to cover losses and damages of Defendant resulting from the 1973 FPL Easement as such Claim is barred by the five year statute of limitations.

41. All conditions precedent to bringing this action have occurred, have been performed, or have been waived.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order declaring that Chicago Title Insurance Company has no legal obligation under the Policy to cover losses and damages of Defendant Commonwealth resulting from the 1973 FPL Easement because the Claim is untimely and is otherwise barred by the five year statute of limitations.

### COUNT III-REFORMATION OF TITLE INSURANCE POLICY

42. This is an action to reform a title insurance policy.

43. Plaintiff realleges paragraphs 2 through 23 above as though fully set forth herein.

44. Prior to the 1996 closing, Commonwealth applied for title insurance for the Property from Chicago Title.

45. The 1973 FPL Easement and the FPL Right of Way existed prior to Commonwealth's purchase of the Property. Commonwealth knew of the existence of the power lines located within the 1973 FPL Easement at the time of the 1996 closing on the Property.

46. The employees, agents and attorneys of Chicago Title and Commonwealth assumed and understood that all FPL easements and FPL rights of way would be included as Schedule B Special Exceptions to the Policy.

47. At the time that the Policy was issued, Chicago Title and Commonwealth both believed and assumed that the two FPL designations shown on Schedule 3 and labeled "FPL Power Line 160' R/W Out" and "FPL Power Line 250' R.W Out" corresponded to Exceptions 9 & 10 in Schedule B of the Policy, and that all FPL Easements and Rights of Way on the Property were included as Special Exceptions on Schedule B.

48. However, due to mutual inadvertence and mistake, the parties were unaware that the easements reflected in Schedule 3 were not the same as Special Exceptions 9 and 10 and that the 1973 FPL Easement was not included as a special exception on Schedule B.

49. Consequently, Commonwealth and Chicago Title both believed and assumed that the two FPL designations on Schedule 3 corresponded to Exceptions 9 & 10, when in fact the 1973 FPL Easement shown on Schedule 3 was not included in the Special Exceptions.

50. Because of the inadvertent omission of the 1973 FPL Easement from the Schedule B Special Exceptions, the Policy does not reflect the true intent or understanding of the parties that the 1973 FPL Easement reflected on Schedule 3 be included as a special exception.

51. The inclusion of the 1973 FPL Easement as a special exception was an important part of the Policy which would not have been issued by Chicago Title but for the inclusion of all FPL Easements and Rights of Way as Schedule B Special Exceptions.

52. Commonwealth now contends that the 1973 FPL Easement was not excepted from the coverage of the Policy and has refused to acknowledge the mutual mistake of the parties. To that end, Commonwealth has submitted a Claim under the Policy for losses allegedly resulting from a diminution in value to the Property due to the existence of the 1973 FPL Easement and power lines located therein.

53. As it currently stands, Schedule B does not reflect the mutual assumptions and understandings of the parties. As a result, Chicago Title stands to lose the benefit of the special exception for the 1973 FPL Easement that the parties understood to be included in the Policy. Accordingly, Chicago Title has filed this suit to obtain a judicial reformation of Schedule B in order that the Policy will be corrected to properly include the 1973 FPL Easement as a Schedule B Special Exception to the Policy.

54. Chicago Title does not have an adequate remedy at law because the Policy may be construed not to include the 1973 Easement as a special exception, and Chicago Title may suffer irreparable injury as a result.

55. All conditions precedent to bringing this action have occurred, have been performed, or have been waived.

WHEREFORE, Plaintiff requests the entry of final judgment reforming the legal description of the Policy so as to correct the inadvertent omission in Schedule B and to include the 1973 FPL Easement as a special exception to Schedule B of the Policy.

DATED this 20th day of November, 2006.

ROGERS TOWERS, P.A.

By: _____
Fred D. Franklin, Jr.
Florida Bar No. 300578
Cristine M. Russell
Florida Bar No. 0157406
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (Telephone)
(904) 396-0663 (Facsimile)
Attorneys for Plaintiff