**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**CHICAGO TITLE INSURANCE
COMPANY, a foreign corporation,**

    **Plaintiff/Counter-Defendant,**

**vs.**                          **CASE NO. 3:06-CV-1082-HWM/MCR**

**COMMONWEALTH FOREST
INVESTMENTS, INC., a foreign
corporation,**

    **Defendant/Counter-Plaintiff.**

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(Jury Trial Demanded)

Defendant Commonwealth Forest Investments, Inc. ("Commonwealth" or "Defendant") answers the Complaint of Plaintiff Chicago Title Insurance Company ("Chicago Title" or "Plaintiff"), in like-numbered paragraphs and sets forth its affirmative defenses and counterclaims as follows:

### JURISDICTIONAL ALLEGATIONS

1. Admitted that the Complaint purports to institute an action for declaratory judgment and equitable reformation of an insurance policy. Denied that Plaintiff is entitled to any relief whatsoever.

### BACKGROUND AND JURISDICTIONAL ALLEGATIONS

2. Admitted for jurisdictional purposes.

3. Admitted.

4. Admitted that venue in Duval County, Florida is proper. Defendant is without knowledge as to the location from which the Policy was issued and therefore denies this allegation. Defendant denies that the closing on the property insured by the Policy occurred in Duval County, Florida.

5. Admitted that the Court has jurisdiction over this matter but denied that Plaintiff is entitled to any relief whatsoever.

## THE PROPERTY

6. Admitted that a copy of Policy No. 10 0732 106 00000077 (the "Policy") is attached to the Complaint; otherwise denied.

7. Denied.

8. Denied.

9. Admitted.

10. Admitted that the 1973 FPL Easement was acquired by eminent domain; otherwise denied.

## POLICY NO. 10 0732 106 00000077 AND CLAIM NO. 215208

11. Admitted that Plaintiff issued the Policy on or about September 16, 1996; otherwise denied.

12. Admitted.

13. Admitted that the Policy purports to define "public records." Otherwise denied.

14. Denied.

15. Admitted.

16. Admitted that Schedule B to the Policy sets forth General Exceptions to coverage under the Policy; otherwise denied.

17. Admitted.

18. Admitted that Schedule B to the Policy includes as Special Exception 10 the 1983 FPL Easement and that the Policy indicates that the 1983 FPL Easement was recorded on December 16, 1983, in Flagler County Official Records Book 225, pages 18 through 22; otherwise denied.

19. Admitted that attached to the Policy is a page titled Schedule 3; otherwise denied.

20. Denied.

21. Admitted.

22. Admitted that Defendant submitted a claim on April 10, 2006; otherwise denied.

23. Admitted.

**COUNT I-REQUEST FOR DECLARATORY JUDGMENT**
**(POLICY EXCLUSIONS AND EXCEPTIONS)**

24. Admitted that Count I purports to institute an action for declaratory relief, but denied that Plaintiff is entitled to any relief whatsoever.

25. Defendant reasserts and incorporates its responses to paragraphs 2 through 23 above as if fully set forth herein.

26. Admitted that Plaintiff has denied coverage; otherwise denied.

27. Admitted that Plaintiff has denied coverage and that Defendant believes coverage exists. Otherwise, without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Admitted that Plaintiff requests that the Court enter declaratory relief, but denied that Plaintiff is entitled to any relief whatsoever. Otherwise, without knowledge and therefore denied.

30. Without knowledge and therefore denied.

### COUNT II-REQUEST FOR DECLARATORY JUDGMENT
### (EXPIRATION OF TIME FOR FILING CLAIM)

31. Admitted that Count II purports to institute an action for declaratory relief, but denied that Plaintiff is entitled to any relief whatsoever.

32. Defendant reasserts and incorporates its responses to paragraphs 2 through 23 above as if fully set forth herein.

33. Admitted that the Policy was effective as of September 16, 1996; otherwise denied.

34. Denied.

35. Admitted.

36. Admitted that the 1973 FPL Easement was already in existence on the effective Date of the Policy; otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted that Plaintiff seeks entry of a declaratory judgment, but denied that Plaintiff is entitled to any relief whatsoever.

41. Without knowledge and therefore denied.

**COUNT III-REFORMATION OF TITLE INSURANCE POLICY**

42. Admitted that Count III purports to institute an equitable action to reform a title insurance policy, but denied that Plaintiff is entitled to any relief whatsoever.

43. Defendant reasserts and incorporates its responses to paragraphs 2 through 23 above as if fully set forth herein.

44. Without knowledge and therefore denied.

45. Admitted that the 1973 FPL Easement and the FPL Right of Way existed prior to Defendant's 1996 purchase of the Property insured by the Policy; otherwise denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted that the 1973 FPL Easement was not excepted from the coverage of the Policy and that Commonwealth has submitted a claim; otherwise denied.

53. Admitted that Plaintiff seeks a judicial reformation of the Policy, but denied that Plaintiff is entitled to any relief whatsoever; otherwise denied.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

## DENIAL OF ALL CLAIMS FOR RELIEF

Defendant denies that Plaintiff is entitled to declaratory or equitable relief, or any other additional relief.

## GENERAL DENIAL

Any allegation of the Complaint not specifically admitted above is hereby denied, including any allegation that the Plaintiff is entitled to declaratory or equitable relief.

## DEMAND FOR ATTORNEYS' FEES

Defendant demands that Plaintiff reimburse it for its attorneys' fees, costs, expenses, interest, and any other recoverable monies.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by laches.

## COUNTERCLAIMS

Counter-Plaintiff Commonwealth Forest Investments, Inc. (previously defined herein as "Commonwealth") hereby sues Counter-Defendant Chicago Title Insurance Company (previously defined herein as "Chicago Title"), and alleges:

## NATURE OF ACTION

1. This is an action to recover damages that Commonwealth suffered as a result of (1) Chicago Title's breach of a contract of title insurance and (2) Chicago Title's negligence in failing to discover and inform Commonwealth of the existence of an encumbrance. As a result of Chicago Title's breach of the policy and negligence,

Commonwealth has suffered damages resulting from the existence of an easement encumbering in excess of 70 acres of Commonwealth's property.

## PARTIES

2. Commonwealth is a Delaware non-profit corporation with its principal place of business in Georgia. Commonwealth is authorized to conduct business in Florida and is the owner of real property located in Flagler County, Florida.

3. Chicago Title is a Missouri insurance company with its principal place of business in Illinois. Chicago Title is authorized to conduct business in Florida.

## JURISDICTION AND VENUE

4. This action is for damages in excess of $75,000, exclusive of interest, attorneys' fees and costs, and is a controversy between citizens of different states. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court because the acts giving rise to Commonwealth's Counterclaims, and injuries resulting therefrom, occurred in Duval and Flagler Counties, Florida.

## COMMON FACTUAL ALLEGATIONS

6. On or about August 9, 1996, Commonwealth agreed to purchase real property in St. Johns and Flagler Counties, Florida (the "Property").

7. In order to determine the quality of title to the Property prior to closing the transaction, Commonwealth obtained Chicago Title's Commitment for Title Insurance No. FTA-C159602126B(1), with an effective date of June 19, 1996, at 5:00 P.M. ("Title Commitment," a copy of which is attached as **Exhibit 1**).

8. Before issuing the Title Commitment and subsequent policy, Chicago Title was obligated to conduct or have conducted a reasonable search and examination of title to the Property.

9. In addition, Chicago Title was obligated to advise Commonwealth in the Title Commitment and subsequent policy of the existence of all recorded encumbrances on the Property.

10. "Exhibit 'A'" to the Title Commitment is a description of the Property.

11. The Title Commitment purported to describe all matters of record encumbering the Property among the exclusions scheduled in Schedule B - Section 2.

12. Commonwealth relied upon the Title Commitment, in lieu of obtaining an abstract of title and title opinion, to disclose the existence of all recorded encumbrances on the Property.

13. On or about September 16, 2006, Commonwealth acquired the Property.

14. In connection with its purchase of the Property, Commonwealth purchased Owners Title Insurance Policy No. 10 0732 106 00000077 (the "Policy") from Chicago Title. A true and correct copy of the Policy is attached hereto as **Exhibit 2**.

15. The Policy is a binding contract of insurance between Commonwealth and Chicago Title.

16. Upon information and belief, the Policy was issued by Chicago Title in Jacksonville, Duval County, Florida on or about October 23, 2006, with an effective date of September 16, 1996, at 15:21 ("Effective Date"), as to that portion of the Property in Flagler County, Florida.

17. "Exhibit 'A'" to the Policy is a description of the Property.

18. The Policy insures Commonwealth against any loss or damage sustained or incurred by Commonwealth by reason of any encumbrance on the title.

19. The title insured by the Policy is fee simple title to the Property, vested in Commonwealth as of Policy's Effective Date.

20. The Policy excludes from coverage matters described in Schedule B to the Policy as General Exceptions and Special Exceptions.

21. The General Exception to the Policy is for "[a]ny matter not of record as would be disclosed by an accurate survey, including easements, claims of easements, . . . overlaps, [and] encroachments."

22. The Special Exceptions exclude from coverage a number of matters, including taxes, rights of the public, and four specific easements.

23. Among the easements scheduled as Special Exceptions was one described as "Right of Way Agreement with FLORIDA POWER & LIGHT COMPANY, filed January 24, 1957, in Deed Book 52, page 150, Public Records of Flagler County, Florida" (the "FPL Right of Way"). The FPL Right of Way is an easement encumbering, in part, a portion of the Property in Flagler County, Florida.

24. In or around February 2006, Commonwealth had a portion of its Property encumbered by the FPL Right of Way surveyed. At that time, Commonwealth discovered, for the first time, that the clearing limits for power-lines running through the FPL Right of Way exceeded the width of the FPL Right of Way.

25. On or about February 23, 2006, the Florida Power and Light Company ("FPL") provided Commonwealth with a copy of the Stipulation and Final Judgment from Case Number 73-36-CA01 of the Circuit Court of the 7th Judicial Circuit in and for Flagler County, Florida, which purported to create a second, 250 foot wide easement, adjacent and parallel to the FPL Right of Way and encumbering Commonwealth's Property (the "Undisclosed FPL Easement"). A copy of the correspondence from FPL is attached as **Exhibit 3**.

26. Commonwealth obtained additional documents from the Clerk of the Circuit Court for Flagler County, Florida (the "Clerk"), relating to the Undisclosed FPL Easement and discovered on or about March 23, 2006, that the Undisclosed FPL Easement encumbered the Property.

27. Commonwealth has knowledge of the following documents recorded with the Clerk that relate to the Undisclosed FPL Easement:

| **Caption** | **Recording Date** | **Flagler County Clerk's Recording Location** |
|---|---|---|
| Notice of Lis Pendens | March 19, 1973 | Civil Action Book 8, Pages 18-20 <br> Official Records Book 47, Pages 533-535 |
| Order of Taking | May 10, 1973 | Civil Action Book 8, Pages 136-139 |
| Order | May 10, 1973 | Civil Action Book 8, Page 140 |
| Order Directing Withdrawal of Funds | September 27, 1973 | Civil Action Book 8, Page 625 |
| Stipulation and Final Judgment | June 19, 1974 | Civil Action Book 9, Pages 453-455 |
| Satisfaction of Final Judgment | July 2, 1974 | Official Records Book 59, Pages 536-537 |

Copies of the referenced documents are attached hereto as composite **Exhibit 4**.

28. In the Conditions and Stipulations, the Policy defines the term "knowledge" or "know" as used in the Policy as follows:

> [A]ctual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting land.

29. Prior to 2006, Commonwealth did not have knowledge of the existence of the Undisclosed FPL Easement.

30. The Undisclosed FPL Easement was <u>not</u> included among the matters of record encumbering the property that were disclosed in the Title Commitment or Policy.

31. The Undisclosed FPL Easement was <u>not</u> included among the Special Exceptions to the Policy.

32. Notice of the exercise of eminent domain by FPL over the Property to obtain the Undisclosed FPL Easement was recorded in the public records prior to the Policy's Effective Date.

33. The records of the Clerk provided Chicago Title constructive knowledge of the existence of the Undisclosed FPL Easement when it provided the Title Commitment and when it issued the Policy.

34. The Undisclosed FPL Easement is a defect in or lien or encumbrance on Commonwealth's title to the Property insured by the Policy.

35. Upon acquiring knowledge of the existence of the Undisclosed FPL Easement, Commonwealth provided Chicago Title notice of its claim in accordance with the Policy. A copy of Commonwealth's Notice of Claim is attached hereto as **Exhibit 5**.

36. Commonwealth has suffered damages as a result of the existence of the Undisclosed FPL Easement, and on or about October 16, 2006, Commonwealth provided Chicago Title with a preliminary appraisal of Commonwealth's damages.

37. Under the Policy, Chicago Title is obligated to either (1) pay Commonwealth its damages or (2) establish title to the Property as insured.

38. Chicago Title has wrongfully denied coverage to Commonwealth for damages resulting from the Undisclosed FPL Easement and has refused to pay Commonwealth for its loss or damages or to establish title to the Property as insured. A copy of Chicago Title's November 21, 2006 letter denying coverage is attached hereto as **Exhibit 6**.

39. All conditions precedent to the institution of this action have been performed.

40. As a result of Chicago Title's wrongful conduct described herein, Commonwealth has been required to retain the undersigned counsel to represent it in this action and is obligated to pay a reasonable fee for undersigned counsel's services, for which Chicago Title is liable.

### COUNT I - BREACH OF CONTRACT

41. Commonwealth reiterates and realleges the allegations set forth in paragraphs 2 through 40 above as if fully set forth herein.

42. Chicago Title materially breached its obligations under the Policy by (1) refusing to pay Commonwealth its damages and (2) refusing to establish title to the Property, as insured.

43. Commonwealth has suffered damages, including lost profits, as a direct and proximate result of Chicago Title's breach.

44. Commonwealth is entitled to recover its reasonable attorneys' fees and costs pursuant to section 627.428, Florida Statutes.

WHEREFORE, Commonwealth Forest Investments, Inc. demands judgment in its favor and against Chicago Title Insurance Company for its damages, special damages of lost profits, prejudgment interest, post judgment interest, attorneys' fees and costs, and such other and further relief to which Commonwealth Forest Investments, Inc. is legally or equitably entitled, including all additional relief that the Court deems just and proper.

## **COUNT II - NEGLIGENCE**

45. Commonwealth reiterates and realleges the allegations set forth in paragraphs 2 through 40 above as if fully set forth herein.

46. Chicago Title had a duty (1) to conduct or cause to be conducted a reasonable search and examination of the title to the Property and such other information as may be necessary; (2) to make a determination of insurability of title using sound underwriting practices; (3) to give due regard to the possible existence of adverse matters or defects of title to the Property before issuing the Policy; and (4) to advise Commonwealth of the existence of all recorded encumbrances on the Property.

47. Commonwealth relied upon Chicago Title to perform these duties.

48. Chicago Title breached these duties by (1) failing to conduct or cause to be conducted a reasonable search and examination of the title to the Property and such other information as may be necessary; (2) failing to make a determination of insurability

of title using sound underwriting practices; (3) failing to give due regard to the possible existence of adverse matters or defects of title to the Property before issuing the Policy; and (4) failing to advise Commonwealth of the existence of all recorded encumbrances on the Property, including the Undisclosed FPL Easement.

49. Commonwealth has suffered damages, including lost profits, as a direct and proximate result of Chicago Title's breach of these duties.

50. Commonwealth is entitled to recover its reasonable attorneys' fees and costs pursuant to section 627.428, Florida Statutes.

WHEREFORE, Commonwealth Forest Investments, Inc. demands judgment in its favor and against Chicago Title Insurance Company for its damages, special damages of lost profits, prejudgment interest, post judgment interest, attorneys' fees and costs, and such other and further relief to which Commonwealth Forest Investments, Inc. is legally or equitably entitled, including all additional relief that the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Defendant and Counter-Plaintiff, Commonwealth Forest Investments, Inc., demands a trial by jury on all issues triable of right by jury.

Respectfully submitted,

**/s Edward Cole**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be furnished electronically via the Court's electronic filing system to counsel for Chicago Title, Fred Franklin, Jr., Esq. and Cristine M. Russell, Esq., Rogers Towers, P.A., 1301 Riverplace Boulevard, Suite 1500, Jacksonville, Florida 32207.

      /s Edward Cole_____
**HARRY O. THOMAS (195097)**
**EDWARD COLE (574511)**
Radey, Thomas, Yon & Clark, P.A.
Post Office Box 10967 (32302)
301 S. Bronough Street, Suite 200
Tallahassee, Florida 32301
(850) 425-6654 (phone)
(850) 425-6694 (facsimile)
e-mail: ecole@radeylaw.com
**COUNSEL FOR COMMONWEALTH FOREST INVESTMENTS, INC.**