UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHICAGO TITLE INSURANCE COMPANY, a
foreign corporation,

        Plaintiff and
        Counterclaim Defendant,

vs.                                                           Case No.  3:06-cv-1082-J-12MCR

COMMONWEALTH FOREST INVESTMENTS,
INC., a Florida corporation

        Defendant and
        Counterclaim Plaintiff,
_____/

FLORIDA TITLE AGENCY, INC., a Florida
Corporation

        Additional
        Counterclaim Defendant.
_____/

# O R D E R

    **THIS CAUSE** is before the Court on Chicago Title Insurance Company's Motion to Strike Affirmative Defense (Doc. 9) filed January 11, 2007.  Defendant Commonwealth Forest Investments, Inc. ("Defendant") filed its response on January 16, 2007 (Doc. 10).  Accordingly, the matter is ripe for judicial review.

    This is a case involving title insurance and more specifically, involves an issue as to whether Plaintiff owes coverage to Defendant pursuant to a title insurance policy as a result of an undisclosed easement on Plaintiff's property.  Defendant, in its Answer, Affirmative Defenses and Counterclaims, asserted a defense of laches as its Second

-1-

Affirmative Defense.  (Doc. 6, p. 6).  Specifically, Defendant asserted "Plaintiff's claims are barred in whole or in part by laches." Id.  Plaintiff seeks an order from this Court striking Defendant's laches defense because it fails to meet the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.

Rule 12(f) establishes the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Thus, under Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, "'[a] motion to strike is a drastic remedy' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. Am. President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).  Further, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Id.

In arguing the laches defense should be stricken, Plaintiff does not allege prejudice will result if such defense is permitted, nor does it argue the laches defense confuses the issues.  Rather, it asserts the defense is "nothing more than 'bare bones conclusory allegations' and should be stricken."  (Doc. 8, p. 4) (citations omitted).

"An affirmative defense should not be stricken where there is a bona fide question of fact." Antoniou v. Thiokol Corp. Group Long Term Disability Plan (Plan No. 503), 849 F. Supp. 1531, 1533 (M.D. Fla. 1994) (quoting Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). In addition, if the defense raises significant legal and factual questions, it is not appropriate to strike it as insufficient when the movant has not shown that prejudice will result. See Fla. Software Sys., Inc., 1999 WL 781812, at *1. The defense must, however, meet the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a party to plead its defenses in "short and plain terms." Fed. R. Civ. P. 8(b).

In opposition to this Motion, Defendant argues that the doctrine of laches is a well-established straightforward doctrine which sufficiently apprises Plaintiff of the nature of such defense. (Doc. 10, p. 7). Moreover, Defendant correctly notes that the purpose of the federal pleading standards are to put the parties on sufficient notice of the claims and defenses and to afford them an opportunity to respond. Id.; see also McGlothan v. Walmart Stores, Inc., No. 6:06-cv-94-ORL-28JGG, 2006 WL 1679592, *1 (M.D. Fla. 2006) (citing Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957)). Defendant further notes that at the time Plaintiff issued the title insurance policy, Florida Power & Light held a recorded easement across Plaintiff's property, but Plaintiff did not disclose such easement, nor did Plaintiff exclude such easement from the Policy. (Doc. 10, p. 2). Upon discovering the easement, Defendant argues it submitted a claim to Plaintiff in April 2006, but Defendant waited over seven months from the date Defendant

submitted its claim and ten years from the date it issued the Policy to file the Complaint in this case.  Id.

Defendant's laches affirmative defense is one that raises relevant factual and legal issues, and Defendant is entitled to prove any set of facts that could support its contentions.  Plaintiff has not set forth any legal basis for striking the defense of laches, nor does Plaintiff claim it is prejudiced by the defense.  Although Defendant has pleaded its latches defense in general terms, it is sufficient to meet the pleading standards of Fed. R. Civ. P. 8 and put Plaintiff on notice of the nature of the defense.

After due consideration, it is

**ORDERED**:

Chicago Title Insurance Company's Motion to Strike Affirmative Defense (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of January, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party